1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

John D. Alessio (Bar No. 174900)
Sean M. Sullivan (Bar No. 254372)
PROCOPIO, CORY, HARGREAVES &
   SAVITCH LLP
525 B Street, Suite 2200
San Diego, California 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorneys for Plaintiff,
VAVI, INC.

### UNITED STATES DISTRICT COURT

### FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAVI, INC., a California corporation,<br><br>       Plaintiff,<br><br>v.<br><br>SCOTT NEWTON, an individual;<br>SOLE 2 SOUL SPORTS, an entity of<br>unknown type or status;<br>GO FOR IT EVENTS, an entity of unknown<br>type or status,<br><br>       Defendants. | Case No.: **'13CV1128 BTM KSC**<br><br>**COMPLAINT FOR:**<br>**(1) COPYRIGHT INFRINGEMENT, 17 U.S.C. § 101, ET SEQ.;**<br>**(2) TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114;**<br>**(3) FALSE ADVERTISING/UNFAIR COMPETITION, 15 U.S.C. § 1125(A);**<br>**(4) UNFAIR COMPETITION, C.C.P. SECTION 17200, ET SEQ.**<br><br>**<u>JURY DEMANDED</u>** |

Plaintiff VAVi, Inc., for its Complaint against defendants Scott Newton, Sole 2 Soul Sports, and Go For It Events, states and alleges as follows:

### <u>PARTIES</u>

1.    Plaintiff is VAVi, Inc. ("VAVi" or "Plaintiff"), a corporation organized and existing under the laws of the State of California, which has a principal place of business in San Diego County, within this District.

2.    On information and belief, defendant Scott Newton ("Newton") is an individual, residing within the State of California, Kern County.

**COMPLAINT**

3.    On information and belief, defendant Sole 2 Soul Sports ("S2S") is an entity of unknown type or status, which is doing business within the State of California, and which directs its advertising and business activities throughout the State of California, including within this district.  Upon information and belief, defendant Newton is the owner and operator of defendant S2S.

4.    On information and belief, defendant Go For It Events ("GFIE," together with S2S and Newton, "Defendants") is an entity of unknown type or status, which is doing business within the State of California, and which directs its advertising and business activities throughout the State of California, including within this district.  Upon information and belief, defendant Newton is the owner and operator of defendant GFIE.

5.    VAVi is informed and believes and thereon alleges that at all relevant times herein, each of the Defendants was the agent, employee, affiliate, aider, abettor, successor, predecessor, principal and/or alter ego of some or all of the other Defendants, and that in connection with the acts, practices, breaches, and infringements set forth below, was acting within the scope of such relationship.

## JURISDICTION & VENUE

6.    This is an action for, *inter alia*, copyright infringement under the Copyright Act, Title 17 of the United States Code, trademark infringement, false designation of origin and unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 & 1125(a).  This Court has jurisdiction under 15 U.S.C. §§ 1121 & 1125(a) and 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this District under 28 U.S.C. § 1391.  Defendants conduct business, solicit entries and accept fees from all of Southern California, including within San Diego County.

## BACKGROUND FACTS

7.    Plaintiff is in the business of organizing, promoting, and providing recreational activities and events, including but not limited to athletic leagues,

**COMPLAINT**

races, and obstacle events.   This includes its annual "Ridiculous Obstacle Challenge" race, also known as the R.O.C. Race ("R.O.C. Race").

8.   Plaintiff describes its R.O.C. Race as:

"a VAVi event that combines a 5K course with game show inspired obstacles to give you the craziest race ever! Anyone 13 and up can participate no matter what your athletic ability is! All runners receive a finisher T-shirt and a free beer (or non-alcoholic beverage)!"

(*See* Exhibit "C," attached herewith).   Much more than merely a simple obstacle course, the R.O.C. Race lives up to its name as having some truly ridiculous obstacles.

9.   For example, the R.O.C. Race makes use of—not just one, but two of —the world's largest inflatable water slides, nicknamed "the hippo."   (*See* Exhibit "D," attached herewith).   In fact, VAVi is believed to be the first to place these enormous slides side-by-side, making the R.O.C. Race truly one-of-a-kind, and absolutely gaining VAVi wide notoriety.

10.   Other obstacles include large metal scaffolding with dangling ropes installed over a large water pit—dubbed the "Tarzan swing"—which allows participants to attempt to swing across.   The R.O.C. Race includes other wild obstacles, making use of "gorilla bars," where costumed apes attempt to intimidate oncoming participants, as well as the use of trampolines, inner-tube slides, mountains of dirt, and used tires, among other things.

11.   It has taken several years and the investment of significant amounts of money to make VAVi's R.O.C. Race a successful venture.   VAVi's R.O.C. Race is very well-recognized and has received wide acclaim, including in the national media, such as MSN, NBC, CNN, Fox, ABC, in addition to wide regional news coverage.

12.   Perhaps more importantly than any success and notoriety VAVi obtains from running the R.O.C. Race is that VAVi partners with deserving charities in planning its events, such as the Challenged Athletes Foundation ("CAF"), which benefits from fundraising associated with the R.O.C Race.

3

**PLAINTIFF'S TRADEMARKS**

13.     Plaintiff is the owner of United States trademark registration no. 3,943,493 for the mark "VAVi" ("the VAVi mark"), registered in 2011, and has continuously used that mark in connection with its business activities since 2002. A copy of the registration for the VAVi mark is attached herewith as Exhibit "A."

14.     Plaintiff is also the owner of United States trademark registration no. 4,201,598 for the mark "R.O.C. Race – Ridiculous Obstacle Challenge" ("the R.O.C. Race mark"), registered in 2012, and has used that mark in connection with its annual R.O.C. Race since 2010.  A copy of the registration for the VAVi mark is attached herewith as Exhibit "B."  (Together, the R.O.C. Race mark and the VAVi mark are referred to as "the VAVi-owned Trademarks).

15.     As a result of extensive use and promotion of its marks, the VAVi-owned Trademarks have acquired favorable reputations to consumers as an identifier and symbol of Plaintiff and its products, services, and goodwill. Accordingly, the VAVi-owned Trademarks are strong and entitled to broad protection.

16.     VAVi is also the exclusive owner of related common law trademark rights associated with its marks, photographs, promotional and advertising materials, and websites, as well as all copyrights, and associated goodwill for such.

17.     Plaintiff continues to invest substantial sums in promoting its products, events and services offered under the VAVi-owned Trademarks, and the reputation, branding, recognition and goodwill associated therewith are of significant value and importance to VAVi.

**PLAINTIFF'S COPYRIGHTED WORKS**

18.     During its various events, including the R.O.C. Race, VAVi photographs the event and uses the photographs to promote future events and demonstrate its actual experiences, abilities, and successes with producing these races ("the R.O.C. Race Photos").

4

**COMPLAINT**

19.     Plaintiff also authored a form entitled "ROC Race Waiver," which it uses in the registration process for the R.O.C. Race ("the Waiver," together with the R.O.C. Race Photos, hereinafter the "Copyrighted Works").

20.     Plaintiff has complied in all respects with 17 U.S.C. §§ 101, *et seq*. in properly applying for registration of the same with the United States Copyright Office, and secured the exclusive rights and privileges to the copyrights in the Copyrighted Works.

21.     Plaintiff holds Applications for Certificates of Registration from the United States Copyright Office for the R.O.C. Race Photos (Exhibit "E" hereto is a true and correct copy of the applications for copyright registrations for the R.O.C. Race Photos, which applications have been submitted by Plaintiff to the United States Copyright Office along with requisite payments and deposit copies), and the Waiver (Exhibit "F" hereto is a true and correct copy of the application for registration of the Waiver, which has been filed with the United States Copyright Office along with requisite payment and deposit copies).

22.     Plaintiff is the sole owner of all right, title, and interest in and to the copyrights in the Copyrighted Works.  (Together, the Copyrighted Works and the VAVi-owned Trademarks are referred to herein as the "VAVi Promotional Materials").

## DEFENDANTS' INFRINGING ACTS

23.     Recently, Plaintiff became aware of a promotion for a race called "the Wipeout Race," advertised on the website http://www.wipeoutrace.com.  (*See* Exhibit "G," attached herewith).  Upon information and belief, defendant Newton, doing business as defendant S2S, is the registered owner and operator of this website, and the promoter and organizer of the Wipeout Race event, together with GFIE.

24.     Upon further information and belief, defendant Newton, as S2S, is the registered owner and operator for the website http://www.goforitevents.com, which

1  also promotes the Wipeout Race as one of its events, sponsored by S2S, under

2  defendant GFIE's moniker.  (*See* Exhibit "I," attached herewith).

3      25.    Through their websites, Defendants promote the Wipeout Race using

4  the VAVi Promotional Materials, along with Plaintiff's goodwill and reputation, all

5  without Plaintiff's authorization, and all to Plaintiff's detriment.

6      26.    For example, the registration page linked to the "Wipeout Race" home

7  page  (https://www.signmeup.com/site/online-event-registration/90321)  displays

8  VAVi Promotional Materials and Copyrighted Works, including photographs

9  depicting previous VAVi events.  These VAVi Promotional Materials, including

10  use of the Copyrighted Works, are being used by Defendants without VAVi's

11  permission and also clearly depict both the VAVi-owned Trademarks.  (*See* Exhibit

12  "J," attached herewith).

13      27.    Further evidence of Defendants' intentional copying of VAVi-owned

14  materials is the waiver form found on Defendants' registration page.  (Exhibit "K,"

15  attached herewith).  Defendants' waiver is an *identical* version of the waiver owned

16  and authored by VAVi, with the exception of Defendants' substitution of its name

17  in place of VAVi and/or the R.O.C. Race.  (Compare Ex. K to VAVi's waiver,

18  attached herewith as Ex. F).  Defendants' sloppiness in copying confirms that it

19  copied VAVi's copyrighted work, since Defendants failed to substitute each

20  reference to the R.O.C. Race in the waiver, which still contains references to the

21  R.O.C. Race in the infringing copy.

22      28.    Defendants require that each person interested in participating in the

23  race sign up through their registration page.  That registration page makes use of

24  VAVi-owned Trademarks, and Copyrighted Works.  As a result of Defendants'

25  infringing use of the VAVi Promotional Materials, every single person registering

26  to take part in Defendants' Wipeout race viewed VAVi's copyrighted images and

27  federally registered trademarks.  Moreover, each and every person signing up

28  "agreed" to a Waiver which made specific reference to the "ROC Race."

6

29.   In fact, throughout the Wipeout Race website Defendants use a variety of VAVi Promotional Materials, including Copyrighted Works, such as photographs depicting previous VAVi events, obstacles, and participants.  Because the R.O.C. Race is so unique, apart from constituting copyright infringement, the use of such materials creates the false impression that Defendants' upcoming event is somehow endorsed, authorized, sponsored by, or related to Plaintiff.

30.   For instance, Defendants use an image of side-by-side "hippo" slides—which they name "the Goliath"—taken at Plaintiff's R.O.C. Race event, held at the Del Mar Fairgrounds.  (*See* Exhibit "G," attached herewith).  In fact, the Del Mar Fairgrounds are visible in the background.  Likewise, Defendants use an image of the Tarzan rope swing, which it names "Tarzan Mania," taken at Plaintiff's R.O.C. Race, and again clearly showing the Del Mar location.  Further evidence that the images originated from Plaintiff's event is the fact that the participants' number bibs are from Plaintiff's event.  These are but a few examples confirming Defendants' use of VAVi's Promotional Materials.

31.   Defendants also used other images which clearly belong to VAVi. This included an image of a participant crossing a mud river, which image was later altered by the VAVi-hired photographer such that the water appeared pink. (Compare copyrighted image in Ex. E with Ex. J).  Not surprisingly, Defendants copied and used this image with the pink water.  And, Defendants copied a VAVi-owned image taken of one of VAVi's employees atop the large hippo slide and posted it on Defendants' Facebook page claiming it as one of their own images. (Compare copyrighted image in Ex. E with Ex. L).  Not only does VAVi know this is its image since it depicts its own employee, but the image was taken at the vendor's private warehouse location approximately two weeks before that R.O.C. Race even occurred.  Defendant also uses other protected images of the slide and R.O.C. Race participants. (Compare Ex. E with Ex. M).

DOCS 120541-000001/1725278.5

**COMPLAINT**

32.     As further evidence of Defendants' intent to trade on Plaintiff's rights in the VAVi Promotional Materials, as well as its reputation and goodwill and the notoriety associated with the R.O.C. Race, Defendants scheduled the Wipeout Race to occur on the *exact same day* as the R.O.C. Race—May 11, 2013.  Thus, when potential participants are searching for details on an obstacle race occurring on that day in California, they will be presented with a confusing situation of two events, happening on the same day, and being advertised using the same VAVi Promotional Materials.  Since Defendants adopted use of Plaintiff's VAVi Promotional Materials, as well as its entire race platform, prospective racers may simply think both races are associated with and endorsed by Plaintiff, when that is not the case.  This also includes wholesale copying of the content of VAVi's website, including much of its "FAQ" section.  (Compare Ex. C with Ex. H).

33.     Upon information and belief, Defendants have yet to conduct any obstacle race and the Wipeout Race is Defendants' first obstacle race, again evidencing that any photographs of obstacle events used by them were not taken at their events, but in truth taken at Plaintiff's previous events.  The use of such photographs falsely suggests that Defendants—not VAVi—planned and orchestrated the previous R.O.C. Races, when that is untrue.

34.     To further create confusion, Plaintiff is informed and believes and on that basis alleges, that Defendants coordinated to have an article printed in the April 2013, *BakersfieldLife* magazine, which made use of a VAVi-owned copyrighted image, and which falsely claimed the image depicted "the King of the Hill obstacle during Wipeout The Race: There's no way around it."  (*See* Exhibit "M," attached herewith).  The article further falsely attributed the photograph as "courtesy of Jason Gutierrez," who also authored the article in *BakersfieldLife*. Plaintiff is informed and believes and on that basis alleges that Jason Gutierrez also happens to be the website designer behind one or more of Defendants' websites displaying infringing materials.  Clearly, by such conduct Defendants intended to

8

1   infringe Plaintiff's rights and cause confusion as to the source and origin of the race

2   images and their services.

3        35.     Despite receiving repeated notices from VAVi and its counsel, and the

4   clear evidence of being caught red-handed copying and using VAVi's Promotional

5   Materials without permission, Defendants' infringing and unfair activity persisted,

6   and Defendants affirmatively refused to cease such activities.

7   **FIRST CAUSE OF ACTION**

8   **(Copyright Infringement, Title 18 of the United States Code)**

9        36.     Plaintiff fully incorporates the above and below paragraphs by

10  reference as if fully set forth herein.

11       37.     The Copyrighted Works contains material wholly original, and are

12  copyrightable subject matter under the laws of the United States.

13       38.     The Copyrighted Works are the exclusive and copyrighted property of

14  VAVi.  All copies, or derivations therefrom, are produced either directly by VAVi

15  itself or, alternatively, under its authority or license.  The Copyrighted Works have

16  been published in conformity with the provisions of the Copyright Act, 17 U.S.C. §

17  101, *et seq*.

18       39.     Defendant infringed Plaintiff's copyright by advertising its Wipeout

19  race by using promotional materials, including websites, which contained copies of

20  Plaintiff's Copyrighted Works.  Plaintiff has attached a copy of its copyrighted

21  material as Exhibits E & F, and a copy of samples of some of Defendants'

22  infringing material as Exhibits G-M.

23       40.     Plaintiff is informed and believes, and based thereon alleges, that

24  Defendants knowingly and willfully copied the Copyrighted Works.  Plaintiff is

25  further informed and believes, and based thereon alleges, that Defendants copied

26  the Copyrighted Works for the specific purpose of promoting itself as the author of

27  the Copyrighted Works and original promoter of the events depicted in the

28  Copyrighted Works.

9

41.    VAVi's website, photographs, and promotional materials, which contain the Copyrighted Works, are readily available over the Internet, including on the VAVi webpage and its social networking pages including Instagram and Facebook.    As such, Defendant had and has ready and easy access to the Copyrighted Works.

42.    Defendants' conduct infringes VAVi's exclusive copyrights in its original artwork in direct violation of the Copyright Act of 1976, 17 U.S.C. § 101, et seq.

43.    Defendants willfully infringed Plaintiff's copyrighted works.  Plaintiff notified Defendants that Defendants had infringed Plaintiff's copyright and related rights, but Defendant has willfully continued to infringe said rights.

44.    As a direct and proximate result of Defendants' wrongful acts alleged above, Plaintiff seeks actual damages to compensate it for the loss of profits that Defendant has caused.  Plaintiff has discovered multiple images and content published by Defendants that violates VAVi's rights in the Copyrighted Works. For these discovered infringements Defendants have gained illicit profits while Plaintiff is believed to have lost significant revenues for an amount to be determined according to proof at trial.

45.    Alternatively, as a direct and proximate result of the acts alleged above, Plaintiff may instead elect to seek statutory damages under 17 U.S.C. § 504(c), in lieu of actual damages, to compensate it for the loss of profits that Defendants have caused based on Defendants' infringement of certain of the Copyrighted Works.  For each such violation, Plaintiff respectfully asserts that it is entitled to $150,000.00 per violation due to the willful nature of Defendants' infringement, which is ongoing.

46.    In addition to statutory damages or actual damage and lost profits, Plaintiff is entitled to the recovery of its attorney's fees pursuant to 17 U.S.C. § 505.

**COMPLAINT**

47.    Finally, as a result of Defendants' acts, Plaintiff has suffered, and continues to suffer, irreparable harm and injury as Defendants' use of the Copyrighted Works has impaired Defendants' goodwill and reputation associated with its race business, and falsely portrayed Defendants as a successful organizer of large scale, unique obstacle race events, such as those depicted in Plaintiff's Copyrighted Works, when in fact that is not true.   In truth, Defendants' inexperience, poor advertising efforts, and likely poor quality race platform falls far below Plaintiff's standards and reflects negatively on its products and services. Accordingly, Plaintiff VAVi has no adequate remedy at law, and is entitled to an injunction restraining Defendants, their officers, directors, agents, employees, representatives, and all persons acting in concert with them, from engaging in further acts of infringement of the Copyrighted Works.

## SECOND CAUSE OF ACTION

### (Trademark Infringement Under the Lanham Act, Title 15 of the United States Code, section 1114)

48.    Plaintiff fully incorporates the above and below paragraphs by reference as if fully set forth herein.

49.    Based upon information and belief, in violation of Plaintiff's rights in the VAVi-owned Trademarks, Defendants established a series of businesses that utilized the VAVi-owned Trademarks in the course of selling their competing race. Such use was after the trademark registration date of Plaintiff's design.   Despite notice of Plaintiff's registrations of the VAVi-owned Trademarks, such use continued.

50.    Defendants' unauthorized use of the VAVi-owned Trademarks falsely indicates to consumers that Defendants' Wipeout race originates from, is approved by, is sponsored by, is licensed by, or is affiliated with Plaintiff or otherwise associated with Plaintiff's events, services, or charity relationships.

11

51.   Defendants' unauthorized use of the VAVi-owned Trademarks in the manner described above is likely to cause confusion, to cause mistake, or to deceive customers and potential customers as to the source of origin of its goods or services by suggesting some affiliation, connection, endorsement or association between Defendants and Plaintiff, thereby resulting in a loss of sales by Plaintiff.

52.   The goodwill of Plaintiff's business and the federal trademark registrations for the VAVi-owned Trademarks are of enormous value and Plaintiff will suffer irreparable harm, should infringement be allowed to continue, to the detriment of Plaintiff's reputation, goodwill, and trademark ownership rights.

53.   Plaintiff has no control over the quality of goods or services being offered by Defendants and, because of the confusion as to the source caused by Defendants, Plaintiff's valuable goodwill with respect to VAVi-owned Trademarks is at the mercy of Defendant.  Any failure, neglect or default by Defendants in providing such goods or services will reflect adversely on Plaintiff as the believed source of origin thereof, hampering efforts by Plaintiff to continue to protect its outstanding reputation for high quality goods and services.  Such adverse reflection has resulted and will result in loss of sales by Plaintiff and the considerable expenditures by Plaintiff to promote its goods under its VAVi-owned Trademarks, all to the detriment of Plaintiff.

54.   Plaintiff is informed and believes, and on that basis alleges, that the infringement by Defendants has been willful and deliberate, designed specifically to trade upon the goodwill associated with Plaintiff's VAVi-owned Trademarks.

55.   Defendants' actions, as described above, constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114(1).

56.   Defendants' unauthorized use of the VAVi-owned Trademarks amounts to use of a counterfeit mark, as defined in 15 U.S.C. § 1116(d).

57.   Plaintiff entitled to recovery of damages according to proof at trial, including but perhaps not limited to, disgorgement of Defendants' profits, actual

1    damages sustained by the Plaintiff, and the costs associated with bringing this
2    action, pursuant to 15 U.S.C. §§ 1114 & 1117.

3         58.    Defendants continued to infringe Plaintiff's rights, despite being put
4    on notice of their infringing conduct.  Defendants' willful disregard of Plaintiff's
5    rights makes this is an exceptional case, and Plaintiff is entitled to an award of
6    attorney fees under 15 U.S.C. § 1117(a), and treble damages under § 1117(b).

7         59.    Plaintiff is further entitled to an order directing that any infringing
8    articles, including but not limited to each and every copy of Defendants' infringing
9    websites and promotion materials, be seized and their destruction confirmed,
10   pursuant to 15 U.S.C. § 1118, and injunctive relief pursuant to 15 U.S.C. § 1116.

11                           **THIRD CAUSE OF ACTION**

12   **(Unfair Competition/False Advertising Under the Lanham Act, Title 15 of the**
13                   **United States Code, Section 1125(a))**

14        60.    Plaintiff fully incorporates the above and below paragraphs by
15   reference as if fully set forth herein.

16        61.    Defendants' activities, as detailed above, including but not limited to
17   its unauthorized use of the VAVi-owned Trademarks and VAVi Promotional
18   Materials in connection with the promotion of a competing obstacle course race,
19   namely Defendants' Wipeout Race, in California, and elsewhere throughout the
20   United States is likely to cause or has caused confusion as to source of the services
21   in that purchasers, or deceives as to the affiliation, connection, or association of
22   such race with VAVi, or as to the origin, sponsorship, or approval of Defendants'
23   goods, services, or commercial activities by VAVi.  Further, Defendants ' has used
24   commercial advertising or promotions, which misrepresent the nature,
25   characteristics, qualities, or origins of their goods, services, or commercial
26   activities., which VAVi believes that is likely to result in it suffering damages as a
27   result of such acts.
28

13

62.    As noted above, Defendants used Plaintiff's VAVi-owned Trademarks and the VAVi Promotional Materials in Defendants' advertising, and on their websites, attempting to attract race customers, the same consumers which Plaintiff is also attempting to attract.   In so doing, Defendants are including in their commercial advertising, among other things, pictures and descriptions of Plaintiff's past events.   These advertisements are false in that they suggest Defendants had any relation to or involvement with such past events or with Plaintiff.

63.    Defendants' advertising materials and website content, expressly and by implication, state that all such depicted events were completed by Defendants, that all such recognition for the events was won by or given to Defendants, and that all funding and event management was done by Defendants.   Defendants are taking years' worth of Plaintiff's work and claiming it as their own in order to directly compete with Plaintiff for Defendants' commercial gain.

64.    The false representations and implications are clearly material, in that they are likely to influence the purchasing decisions of potential customers as to Defendants' capabilities, experience and associations. Certainly, the history and completed events "resume" events evidenced on Defendants' website is false, since Defendants have never produced a large-scale obstacle run with any of the obstacles identified as part of the Wipeout Race.

65.    As a result of Defendants' false statements, Plaintiff has been and is likely to be injured in the future, either through a direct diversion or loss of customers or though a lessening of goodwill and community standing associated with the completion of the past events due to the confusion of the source of the past events based on Defendants' false advertising.   Defendants' representations are literally false, in that they did not conduct the events depicted on their website and identified as occurring at the Wipeout Race.

66.    Defendants, by virtue of their websites and advertisements, has caused such false representations to enter interstate commerce.   Defendants' actions, as

14

**COMPLAINT**

1  described above, constitute unfair competition and false advertising in violation of

2  the Lanham Act, 15 U.S.C. §1125(a).

3       67.  On information and belief, Plaintiff alleges that as a direct and

4  proximate result of their wrongful conduct Defendants have realized and continue

5  to realize profits and other benefits rightfully belonging to Plaintiff.  Accordingly,

6  Plaintiff seeks an award of damages in an amount to be established at trial.

7       68.  Defendants' false advertising and unfair competition has also caused

8  and is causing substantial and irreparable injury and damage to Plaintiff in an

9  amount not capable of determination, and, unless restrained, will cause further

10  irreparable injury, leaving Plaintiff with no adequate remedy at law.

11       69.  Plaintiff is informed and believes and thereon alleges that Defendants'

12  have willfully engaged in, and are willfully engaging in, the acts complained of

13  with oppression, fraud, and malice, and in conscious disregard of the rights of

14  Plaintiff.   Plaintiff is therefore entitled to the maximum statutory damages

15  allowable and/or punitive damages, to the extent such may be allowed by law.

16  **FOURTH CAUSE OF ACTION**

17  **(Unfair Competition, Cal.Bus.Prof.C. § 17200, *et seq.*)**

18       70.  Plaintiff fully incorporates the above and below paragraphs by

19  reference as if fully set forth herein.

20       71.  Defendant has been publishing, selling, and otherwise marketing the

21  Wipeout race through the use of Plaintiff's VAVi-owned Trademarks, Copyrighted

22  Works and VAVi Promotional Materials.  Defendant, as described herein, has thus

23  been engaging in unfair trade practices and unfair competition against Plaintiff.

24  This conduct has caused Plaintiff irreparable injury.

25       72.  Defendant's acts, as described herein, including its unauthorized use

26  of VAVi's Promotional Materials, images, content, trademarks, logos, and other

27  references to Plaintiff's events and services falsely suggests a connection between

28  Defendants' event and Plaintiff, amounting to an unfair, unlawful, and/or

15

fraudulent business practice in violation of Business and Professions Code section 17200.

73.     Defendants' wrongful and unfair business practices, as described herein, are likely to deceive and harm the public and present a continuing threat to members of the public. Defendants' activities as alleged herein are unlawful in that they, at a minimum, violate Business and Professions Code section 17500, the Copyright Act and the Lanham Act. Defendants' activities as alleged herein are fraudulent, in that they are false, known to Defendants' to have been false at the time made, and members of the public have reasonably relied on such false representations and been deceived or are likely to reasonably rely upon by such statements and be deceived in the future if Defendants are not restrained.

74.     Unless Defendants are enjoined by order of this Court, Defendants will likely continue to harm fair competition, and will have a substantial competitive advantage to which they are not entitled.

75.     Defendants must be ordered to account for all proceeds and profits obtained by them as a result of their unfair business practices, and deliver all such proceeds to Plaintiff.

76.     Defendants' aforementioned conduct was malicious and oppressive with the intention of depriving Plaintiff of property, profits, business, and/or legal rights and of otherwise causing injury, and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

## **REQUEST FOR INJUNCTION**

77.     Plaintiff fully incorporates the above and below paragraphs by reference as if fully set forth herein.

78.     Plaintiff seeks to enjoin Defendants and their agents and representatives from the unauthorized use of Plaintiff's trademarks, the VAVi Promotional Materials, and any materials falsely suggesting Defendants'

DOCS 120541-000001/1725278.5

**COMPLAINT**

1    involvement with any VAVi event, or any connection, authorization or

2    endorsement between Defendants and Plaintiff.

3        79.    There is a substantial likelihood that Plaintiff will prevail on the

4    merits. Defendants have clearly used images of Plaintiff's previous events to

5    falsely suggest a relationship with Plaintiff or that Defendants are authorized,

6    licensed, endorsed or supported by Plaintiff and its affiliates, sponsors, charity

7    partners, and others involved with Plaintiff's events. This is false. Defendants

8    further use Plaintiff's VAVi-owned Trademarks, Copyrighted Works, and/or VAVi

9    Promotional Materials without VAVi's permission, and in direct competition with

10    Plaintiff, all to Plaintiff's detriment.

11        80.    If the court does not grant injunctive relief, Defendants will continue

12    their activities that infringe Plaintiff's trademark, copyright, and related rights, as

13    set forth in detail herein.

14        81.    Plaintiff will suffer irreparable injury if the court does not enjoin

15    Defendants from continuing its use of Plaintiff's VAVi-owned Trademarks,

16    Copyrighted Works, and/or VAVi Promotional Materials without VAVi's

17    permission, and their other efforts designed to falsely implicate an association

18    between the parties, because the value of Plaintiff's marks, works, and goodwill

19    associated therewith will be decreased, and suffer from dilution, generic use,

20    tarnishment, and diminution in value. Further, Plaintiff's reputation will suffer as it

21    is false associated with an event over which it has no control or involvement, and

22    which will divert attention and involvement from its authorized event.

23        82.    Defendants will not suffer undue hardship or loss as a result of the

24    issuance of a preliminary and/or permanent injunction, as they are not entitled to

25    piggyback on Plaintiff's efforts, rights, reputation, and goodwill. Defendants

26    should be required to fairly compete.

27        83.    Issuance of a preliminary and/or permanent injunction would not

28    adversely affect the public interest, and in fact would benefit the public at large.

DOCS 120541-000001/1725278.5

**COMPLAINT**

Plaintiff is a recognized leader in the large-scale obstacle course race market. Plaintiff's R.O.C. Race is an annual event and a huge success that is subject to widespread notoriety.  These accolades are attributable to Plaintiff, and the public is entitled to know the true presenter of successful past events.  More importantly, the event itself serves a larger public interest as a generator of charitable funds donated to CAF.  Defendants' event is a competing event, held the exact same day, and designed to wrongfully siphon funds from Plaintiff and its charities.

## PRAYER

WHEREFORE Plaintiff respectfully requests for judgment against Defendants, and each of them, as follows:

a.      Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with any of them, be preliminarily and permanently enjoined from the following:

(1)      Using Plaintiff's Copyrighted Works, or any derivative works thereof, in any manner, including but not limited to use in Defendants' promotional materials and websites;

(2)      Using Plaintiff's VAVi-owned Trademarks, or any other confusingly similar designation, in any competing manner, including but not limited to the promotion, advertising, or offering of any athletic race events;

(3)      Competing unfairly with Plaintiff in any manner, including unlawfully adopting or infringing on Plaintiff's VAVi-owned Trademarks or adopting or using any other marks, images, descriptions or designations that are confusingly similar to Plaintiff VAVi's Promotional Materials, or suggesting any connection,

**COMPLAINT**

endorsement, authorization, or relationship between Defendants and Plaintiff or any of Plaintiff's events;

(4)     Conspiring with, aiding, assisting, or abetting any other person or entity in engaging in any of the activities referred to in subparagraphs (1) through (3) above.

(5)     Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with any of them, deliver for destruction, or show proof of destruction of, all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements, and any other materials in their possession or control that depict or reference the VAVi-owned Trademarks, the VAVi Promotional Materials, or any other confusingly or substantially similar mark, and all materials or articles used for making or reproducing the same, as provided by 15 U.S.C. §1118;

b.     Defendants file with the court and serve on Plaintiff, within 30 days after the entry and service on Defendants of an injunction, a report in writing and under oath stating in detail the manner and form in which Defendants have complied with the provisions of subparagraphs (a) and (b) above;

c.     Plaintiff recover all damages to which it is entitled as a result of Defendants' infringement and unfair competition, including those prescribed under the Copyright Act, Title 17 of the United States Code, the Lanham Act, Title 15 of the United States Code, and/or California's Unfair Competition Law, Code of Civil Procedure section 17200, including but perhaps not limited:

(1)     statutory damages under 17 U.S.C. § 504(a)(2) and (c), and any other applicable and/or similar statutes or authorities;

19

(2)     An accounting be directed to determine Defendants' profits resulting from their infringement and unfair competition and that the profits be paid over to Plaintiff, increased as the Court determines is appropriate to the circumstances of this case;

(3)     Plaintiff's actual damages pursuant to 17 U.S.C. § 504(a), and in no event less than a licensing fee sufficient to account for such infringing activity, and any other applicable and/or similar statutes or authorities;

(4)     The court award Plaintiff costs, including attorneys' fees, pursuant 17 U.S.C. § 505, and any other applicable and/or similar statutes or authorities;

(5)     The court declare this case an exceptional case and award Plaintiff its reasonable attorney fees for prosecuting this suit under 15 U.S.C. §1117(a), and any other applicable and/or similar statutes or authorities;

(6)     Plaintiff be awarded treble damages under 15 U.S.C. § 1117(b);

d.     Plaintiff recovers its costs of this suit and pre-judgment and post-judgment interest and attorneys' fees;

e.     Plaintiff be awarded all other and further relief that the court deems appropriate and as allowed under the law.

DATED: May 10, 2013                    PROCOPIO, CORY, HARGREAVES & SAVITCH LLP


By:  s/ Sean M. Sullivan
       John D. Alessio
       Sean M. Sullivan
       Attorneys for Plaintiff,
       VAVI, INC.

20

**COMPLAINT**

1

## **<u>JURY DEMAND</u>**

2

3        Pursuant to Local Civil Rule 38.1 and Federal Rule of Civil Procedure 38,

4   Plaintiff VAVi, Inc., hereby demands a trial by jury on all issues so triable.

5   DATED: May 10, 2013                    PROCOPIO, CORY, HARGREAVES &
                                            SAVITCH LLP
6

7
                                           By:  s/ Sean M. Sullivan
8                                              John D. Alessio
                                               Sean M. Sullivan
9                                              Attorneys for Plaintiff,
                                               VAVI, INC.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCS 120541-000001/1725278.5

**COMPLAINT**