UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAVI, INC., a California corporation,<br><br>Plaintiff,<br>v.<br><br>SCOTT NEWTON, an individual; SOLE 2 SOUL SPORTS, an entity of unknown type or status; GO FOR IT EVENTS, an entity of unknown type or status,<br><br>Defendants. | Case No. 13cv01128 BTM (KSC)<br><br>**ORDER DENYING MOTION TO DISMISS OR TRANSFER VENUE** |
| SCOTT NEWTON,<br><br>Counterclaimant,<br>v.<br><br>VAVI, INC., a California corporation,<br><br>Counterdefendant. | |

On June 5, 2013, defendant and counterclaimant Scott Newton ("Defendant" or "Defendant Newton") filed a motion to dismiss or transfer on the grounds of improper venue (ECF No. 8). The motion was taken under submission by the Court on July 19, 2013. For the reasons below, Defendant Newton's motion is hereby **DENIED**.

//

//

# I. BACKGROUND

On May 10, 2013, VAVi, Inc. ("Plaintiff" or "VAVi") filed suit against Defendant Newton and his two companies, Sole 2 Soul Sports and Go For It Events, for copyright infringement, trademark infringement, false advertising, and unfair competition. VAVi is a California corporation with its principal place of business in San Diego County. Defendant Newton is an individual residing in Tulare County. Defendant Sole 2 Soul Sports is a chain of three retail fitness stores located in Fresno, Visalia, and Bakersfield. Defendant Go For It Events is a company that organizes community athletic events in the central San Joaquin Valley.

VAVi alleges that Defendants infringed by directly copying materials that VAVi uses to promote its annual "Ridiculous Obstacle Challenge" race, also known as the "R.O.C. Race." According to the Complaint, Defendants used these materials to promote their own race, the "Wipeout Race," which they held on the same day as the R.O.C. Race. See Compl. ¶ 32. Such materials include photographs and the trademarks "VAVi" and "R.O.C. Race." In some instances, the trademarks are actually imprinted on the photographs used on Defendants' website. See Compl., Ex. J (ECF No. 1-12).

# II. DISCUSSION

Defendant Newton moves to dismiss or transfer on the grounds of improper venue under 28 U.S.C. § 1406(a), or in the alternative, to transfer for convenience under § 28 U.S.C. 1404(a).

**A. § 1406(a)**

Under § 1406(a), a court may dismiss a case for improper venue or, "if it be in the interest of justice," transfer the case to a district in which the case could have been brought originally. 28 U.S.C. § 1406(a).

Suits for copyright infringement "may be instituted in the district in which the

defendant or his agent resides or may be found." 28 U.S.C.A. § 1400. As both parties acknowledge, "[t]he Ninth Circuit has interpreted the statute to mean that venue 'is proper in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state.'" Brayton Purcell LLP v. Recordon & Recordon, 361 F. Supp. 2d 1135, 1138 (N.D. Cal. 2005).

Thus, the Court must determine whether it has personal jurisdiction over Defendants. There are two kinds of personal jurisdiction, general and specific. The Court has general jurisdiction over a nonresident defendant where the defendant has "substantial" or "continuous and systematic" contacts with the state, such that it may be haled into court in that state for any action without violating due process. See Hirsch v. Blue Cross, Blue Shield of Kansas City, 800 F.2d 1474, 1477 (9th Cir. 1986). However, "[t]he standard for establishing general jurisdiction is 'fairly high,' and requires that the defendant's contacts be of the sort that approximate physical presence." Bancroft & Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (citation omitted).

Alternatively, specific jurisdiction exists where: (1) the non-resident defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privilege of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. Bancroft, 223 F.3d at 1086.

With regard to general jurisdiction, VAVi makes only the conclusory statement that "Newton has conducted sufficient activities to qualify for this Court's exercise of general jurisdiction over him," Pl.'s Opp. (ECF No. 11) at 5, without any supporting factual allegations or argumentation. There is nothing in the record before the Court to support this contention. Therefore, the Court holds that it does not have general personal jurisdiction over Defendants.

As to specific jurisdiction, VAVi argues that Defendants' alleged willful infringement of its copyrighted materials is sufficient to enable the Court to exercise

specific jurisdiction over Defendants. The Court agrees.

Because copyright infringement is an intentional tort, the purposeful availment/direction prong is analyzed under the "effects" test from Calder v. Jones, 465 U.S. 783 (1984). See Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002). Under that test, the defendant must be alleged to have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. Id. As VAVi points out, in Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc., 106 F.3d 284 (9th Cir. 1997), rev'd on other grounds sub nom. Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 118 S. Ct. 1279, 140 L. Ed. 2d 438 (1998), the Ninth Circuit held that where the plaintiff had alleged that the defendant willfully infringed the plaintiff's copyrights, knowing that the plaintiff had its principal place of business in the district where the plaintiff eventually brought its suit, the purposeful availment requirement was satisfied. Id. at 289. The same is true in this case – VAVi has alleged that Defendants willfully infringed its copyrighted materials, knowing that VAVi was based in San Diego. Therefore, the Court holds that the purposeful availment prong has been satisfied.

With regard to the second prong of the specific jurisdiction test, VAVi's claims certainly arise out of Defendants' alleged forum-related activities, namely, the alleged copyright infringement. See Brayton Purcell, 361 F. Supp. 2d at 1142 (holding that this prong was "easily met" where defendant's willful copyright infringement "reached into this District"). Therefore, the second prong is satisfied.

Finally, as to the third prong, the exercise of jurisdiction is reasonable where it comports with "fair play and substantial justice." Bancroft, 223 F.3d at 1088 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985)). However, "[t]here is a presumption that jurisdiction is reasonable so long as the first two prongs of the specific jurisdiction test have been met." Brayton Purcell, 361 F. Supp. 2d at 1143. The burden is on the defendant to show that the exercise of jurisdiction would be

unreasonable, and "requires the defendant to put on a 'compelling case.' " Bancroft, 223 F.3d at 1088 (citing Burger King, 471 U.S. at 476-77).

There are seven factors to be considered: (1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. Id.

In Brayton Purcell, the court found that the "degree of interjection" by the defendant was minimal because the interjection was limited to the defendant's publishing copyrighted material on its website. 361 F. Supp. 2d at 1143. The court held that, even so, the balance of the factors ultimately weighed in favor of maintaining jurisdiction because the burden on the defendant to litigate in the Northern District of California rather than the Southern District of California was minimal. Id.

The Court finds that the same result is compelled here. Obviously, many of the above factors are irrelevant, since this district and Defendants' preferred district are both in the state of California. As to the factors that remain, they focus on the convenience of the parties and efficiency in resolution of the case. Mindful that the burden is on Defendants to present a "compelling case," the Court holds that they have failed to show that the exercise of jurisdiction would be unreasonable. It is not unduly burdensome for Defendants to litigate in the Southern District rather than the Eastern District, and Defendants are free to retain local counsel. Moreover, there will likely be discovery needed in both districts, so neither district is preferable over the other in that regard. Finally, there is a strong presumption in favor of honoring a plaintiff's choice of forum. See Creative Technology, Ltd. v. Aztech Sys., Ltd., 61 F.3d 696, 703 (9th Cir.1995)). Therefore, the Court **DENIES** Defendant Newton's motion to dismiss or transfer for improper venue.

**B. <u>§ 1404(a)</u>**

Under § 1404(a), a court may transfer a civil action to any district in which it could have been brought originally, or to any district to which all the parties have consented, "[f]or the convenience of parties and witnesses, in the interest of justice." § 28 U.S.C. 1404(a).

As noted above, there is a strong presumption in favor of honoring a plaintiff's choice of forum. On a motion to transfer venue, the defendant has the burden of showing that transfer is appropriate. <u>Sarinana v. DS Waters of Am., Inc.</u>, C-13-0905 EMC, 2013 WL 3456687 at *1 (N.D. Cal. July 9, 2013) (citing <u>Commodity Futures Trading Comm'n v. Savage</u>, 611 F.2d 270, 279 (9th Cir. 1979)). "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." <u>Decker Coal Co. v. Commonwealth Edison Co.</u>, 805 F.2d 834, 843 (9th Cir. 1986).

Courts in the Ninth Circuit consider the following nonexclusive factors in determining whether transfer of venue is warranted: (1) the plaintiff's choice of forum, (2) the contacts relating to the plaintiff's cause of action in the chosen forum, (3) the respective parties' contacts with the forum, (4) the availability of compulsory process to compel attendance of unwilling non-party witnesses, (5) the differences in the costs of litigation in the two forums, (6) the ease of access to sources of proof, (7) the location where the relevant agreements were negotiated and executed, and (8) the state that is most familiar with the governing law. <u>In re Ferrero Litig.</u>, 768 F. Supp. 2d 1074, 1078 (S.D. Cal. 2011) (citing <u>Jones v. GNC Franchising, Inc.</u>, 211 F.3d 495, 498-99 (9th Cir. 2000)).

The Court need not engage in an in-depth discussion of these factors, as both districts are in the state of California, so any inconvenience for Defendants would be relatively minor, especially when weighed against the strong presumption in favor of Plaintiff's choice of forum. It suffices to say that what would be convenient for

Defendants would be inconvenient for Plaintiff, and vice versa, and given that both districts play a significant role in the allegations at issue, Plaintiff's choice of forum must prevail. Therefore, the Court **DENIES** Defendants' motion to transfer venue for convenience.

## IV. CONCLUSION

For the reasons above, Defendant Newton's motion to dismiss or transfer venue (ECF No. 8) is hereby **DENIED**.

**IT IS SO ORDERED.**

DATED: August 19, 2013

BARRY TED MOSKOWITZ, Chief Judge
United States District Court